1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11

12

13

14

15

RANDALL GEORGE ANGEL,                    )
                                         )
                    Plaintiff,           )          3:11-cv-00350-RCJ-VPC
                                         )
vs.                                      )
                                         )          **ORDER**
GRAYS HARBOR COUNTY, *et al.*,           )
                                         )
                    Defendants.          )
_____ /

16

17

18

On July 21, 2011, the court dismissed with prejudice this *pro se* action (docket #4), and judgment was entered on July 22, 2011 (docket #6).  Before the court is petitioner's motion for reconsideration (docket #8).

19

20

21

22

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994)

23

24

25

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

26

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

1      (whether heretofore denominated intrinsic or extrinsic),
     misrepresentation, or other misconduct of an adverse party; (4) the
2      judgment is void; (5) the judgment has been satisfied, released, or
     discharged, or a prior judgment upon which it is based has been reversed
3      or otherwise vacated, or it is no longer equitable that the judgment should
     have prospective application; or (6) any other reason justifying relief
4      from the operation of the judgment.

5 Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin*

6 *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party

7 must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

8 decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986),

9 *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal

10 Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later

11 than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should

12 not be granted, absent highly unusual circumstances, unless the district court is presented with newly

13 discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

14 *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253,

15 1255 (9th Cir. 1999).

16      In the order of July 21, 2011, the court dismissed this action, which petitioner attempted

17 to bring by filing a document entitled waiver of venue, and through which he appeared to ask this court

18 to rule on motions he filed in state court proceedings in the State of Washington (docket #4). Petitioner

19 has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order

20 dismissing the action should be reversed.

21      **IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (docket #8)

22 of this court's order dismissing this action is **DENIED.**

23      Dated this 8th day of September, 2011.

24

25                                  UNITED STATES DISTRICT JUDGE

26

2